OPINION
{¶ 1} Defendant-appellant, Matthew W. Rupert ("appellant"), appeals from the imposition of consecutive sentences for seven counts of robbery. Appellant also received a concurrent sentence for one count of robbery. We affirm for the following reasons.
 {¶ 2} On June 13, 2001, appellant was charged with eight counts of robbery, all second-degree felonies. On June 15, 2001, appellant entered into a written plea of guilty to all eight counts of robbery. On July 26, 2001, appellant appeared before the trial court for a sentencing hearing. Defense counsel advised the court that appellant had a serious drug addiction. Appellant wrote letters of apology to the victims.
 {¶ 3} One of the victims, Debbie Kerwin, spoke at the hearing. Kerwin expressed her fright upon receiving the letter from appellant because she realized appellant knew her name and address. Kerwin stated she cried for fifteen minutes before even opening the letter. Kerwin said appellant's act of robbery deprived Kerwin of her security as well as her money. Kerwin stated her family lived in fear that appellant would harm her.
 {¶ 4} Kerwin was the first victim in a string of robberies. Appellant, his brother Justin, and Richard Earle perpetuated the crime spree in Lake, Ashtabula and Geauga counties during the spring of 2001. Appellant, his brother Justin, and Earle robbed Kerwin at gunpoint as she was attempting to deliver a pizza in Painesville on April 1, 2001. A pizza restaurant was robbed four days later, also in Painesville. On April 8, 2001, appellant and his cohorts entered a restaurant in Fairport Harbor, pointed a gun at a patron, and stated they would kill the man if not given money. The same men robbed a gasoline station in Leroy the following day. On April 18, 2001, a drive-thru beverage store in Painesville City was robbed at gunpoint. Appellant and his co-defendants held-up the Movie Mart in Chester Township on April 22, 2001. The following day, appellant and his companions robbed Howard Johnson's Hotel in Geneva Township. On April 24, 2001, a Dairy Mart in Painesville City was robbed. Appellant, his brother, and Earle used the proceeds from the robberies to fuel their addiction to narcotics.
 {¶ 5} Victim impact statements, submitted to the trial court, show that the victims reported being frightened and upset, even after the occurrence of the robberies. Employees of some of the businesses were afraid to work at night, causing one of the restaurants to close several hours early each night. Some of the regular customers were afraid to patronize one of the restaurants anymore. The victim from the Movie Mart experienced nightmares for several weeks and no longer trusts any male customer over the age of fifteen. The victim still felt violated and would not work alone at night.
 {¶ 6} In rendering appellant's sentence, the trial court considered the victim impact statements, both the in-court statement of Kerwin and the written statements submitted to the court. The court weighed the information received in the pre-sentence and psychological reports. The trial court stated, after considering the felony factors under R.C. 2929.12(B), that the victims suffered serious psychological and economic harm. The court found appellant acted as part of an organized criminal activity and that the acts were repetitive. The court found that none of the less serious factors under R.C. 2929.12(C) were present. The court found, under the more likely factors indicating recidivism, that appellant was under community control sanctions at the time the acts were committed and that there was a history of criminal convictions.
 {¶ 7} The court found that consecutive sentences were necessary to protect the public and punish appellant. The court stated that consecutive sentences were not disproportionate to appellant's conduct and to the danger he posed to the public. The court found that the harm caused by the offenses was so great or unusual that a single term did not reflect the seriousness of the conduct. The court stated that the seriousness of the conduct resulted from the fear appellant inflicted on the victims in perpetrating the robberies and the threat of the gun, which made the victims fear for their lives. The court sentenced appellant to two years for each of the first seven counts, to be served consecutively. Appellant received a two-year sentence for the eighth robbery count, to be served concurrently with the other counts.
 {¶ 8} On July 31, 2001, the trial court issued its judgment entry of sentence. In the judgment entry, the court stated it had considered the record, oral statements, victim impact statements, pre-sentence report and/or a drug and alcohol evaluation submitted by the Probation Department and had balanced the seriousness and recidivism factors under R.C. 2929.12. The court found that consecutive sentences were necessary to protect the public from future crime and to punish appellant. The court stated that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public. Further, the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed would adequately reflect the seriousness of the conduct. The trial court then imposed the fourteen-year sentence stated above.
 {¶ 9} Appellant assigns the following error for review:
 {¶ 10} "I. The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences contrary to law."
 {¶ 11} In his sole assignment of error, appellant challenges the trial court's imposition of consecutive sentences for the seven robbery counts. Appellant asserts that the trial court failed to make findings mandated by statute because the court did not state its reasons for imposing consecutive sentences. Appellant argues a trial court must make explicit findings justifying the imposition of consecutive sentences under R.C. 2929.19. In making those findings, the court must give its reasoning supporting the findings. Appellant contends that the brief remarks of the trial court at the sentencing hearing did not constitute the reasons behind the court's findings.
 {¶ 12} When reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573. An appellate court may modify or vacate a sentence if the sentence is contrary to law. R.C. 2953.08(G). However, a court of appeals should modify rather than remand a cause to the lower court for re-sentencing sparingly. This is especially so when the matter is being remanded because the trial court did not set forth sufficient reasons supporting the consecutive sentences. These cases should be sent back for clarification as the trial court clearly is in "the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones, 93 Ohio St.3d 391,2001-Ohio-1341, at 400. An appellate court should modify a sentence only if that sentence is clearly unsupported by the record. Otherwise, the trial court should be given an opportunity to explain the reason why the sentence was imposed. Id.
 {¶ 13} A trial court may impose consecutive sentences only if it makes certain findings. R.C. 2929.14(E). First, the court must determine that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(E)(4). Second, the trial court must find at least one of the factors listed in R.C. 2929.14(E)(4). Those factors are whether the multiple offenses were committed while the offender was awaiting trial or sentencing or was under post-release control for a prior offense, R.C. 2929.14(E)(4)(a); the harm caused by the multiple offenses was so great or unusual that a single prison term for any of the offenses committed would not adequately reflect the seriousness of the offender's conduct, R.C. 2929.14(E)(b); or the offender's history of criminal conduct shows that consecutive sentences are necessary to protect the public from future crime, R.C.2929.14(E)(4)(c). See State v. Lewis, 11th Dist. No. 2001-L-060, 2002-Ohio-3373, 2002 Ohio App. LEXIS 3367.
 {¶ 14} When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court also must follow the requirements set forth in R.C. 2929.19(B). State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. Pursuant to R.C. 2929.12(B)(2)(c), the trial court is to justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting this sentence. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487. The trial court must state on the record its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c);Jones, supra. The reasons are the court's provision of a factual explanation setting forth the basis for the findings. State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 1999 Ohio LEXIS 2730. These factual considerations may be given after the imposition of consecutive sentences. State v. Sharp, 3rd Dist. No. 1-02-06, 2002-Ohio-2343, 2002 Ohio App. LEXIS 2343.
 {¶ 15} The trial court found that consecutive sentences were necessary to protect the public and punish appellant, were not disproportionate to his conduct and to the danger he poses, and that the harm was so great or unusual that a single sentence would not adequately reflect the seriousness of appellant's conduct. Therefore, the trial court complied with the requirements of R.C. 2929.14(E)(4).
 {¶ 16} The crux of the appeal centers on whether the trial court provided adequate reasons supporting the imposition of consecutive sentences. At the hearing, the trial court found that the victims suffered very serious psychological and economic harm because of appellant's crimes. Also, appellant acted as a part of an organized criminal activity consisting of repetitive acts. The court noted appellant's lengthy history of criminal convictions. In supporting its finding regarding the seriousness of appellant's conduct, the court stated it made the finding because of the fear inflicted upon the victims who were robbed and placed in fear for their lives by use of a weapon, whether the gun was real or not.
 {¶ 17} We find that the trial court's statement regarding the fear inflicted upon the victims by appellant's commission of the numerous robberies while using a weapon is adequate to support the selection of consecutive sentences. This finding is bolstered by the victim impact statements which vividly portray the fear the victims experienced and the effect that fear continues to have on the victims. Appellant's first assignment of error is overruled. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.